# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID ALLEN COX, : | |
|     Petitioner, : | |
| : | No. 1:19-cv-883 |
| v. : | |
| : | (Judge Rambo) |
| WARDEN DOUGLAS K. WHITE,[1] : | |
|     Respondent. : | |

## **MEMORANDUM**

**I.    BACKGROUND**

On April 30, 2019, *pro se* Petitioner David Allen Cox ("Cox"), who is currently confined at the Federal Correctional Institution Allenwood in White Deer, Pennsylvania ("FCI Allenwood"), filed a motion for an order requiring the Bureau of Prisons ("BOP") to recalculate his good conduct time pursuant to the First Step Act of 2018 in the United States District Court for the Eastern District of Kentucky. *United States v. Kentucky*, No. 5:13-cr-147-DCR-01 (E.D. Ky.) (Doc. No. 119). By Order entered on May 1, 2019, the Eastern District of Kentucky construed Cox's motion as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and denied his petition for lack of jurisdiction. *Id.* (Doc. No. 120). Cox refiled his §

---

[1] Cox has named the United States of America as the Respondent in this matter. However, the Court will direct the Clerk of Court to substitute Douglas K. White, the Warden of FCI Allenwood, as the Respondent in this matter. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (noting that in a *habeas* challenge, "the proper respondent is the warden of the facility where the [individual] is being held").

2241 petition with this Court on May 23, 2019. (Doc. No. 1.)[2] He paid the requisite filing fee on June 4, 2019.

Cox is currently serving an 87-month term of imprisonment for distribution of oxycodone and cocaine. (*Id.* at 1.) He maintains that he is currently scheduled to be released from custody on February 17, 2020. (*Id.*) Cox claims that he is entitled to immediate recalculation of his good time credit in light of the First Step Act of 2018, Pub. L. 115-391, signed into law on December 21, 2018. (*Id.* at 2.) He asserts that under this recalculation, he is entitled to an addition 49 days of good time credit, which would allow him to be released on December 30, 2019. (*Id.* at 1.) Cox further argues that delayed implementation of the First Step Act's good time provisions violates due process and equal protection (*id.* at 8-10), and that "[t]here is no requirement that [he] exhaust administrative remedies within the BOP before seeking relief from this Court" (*id.* at 11). For the following reasons, the Court will dismiss Cox's § 2241 petition without prejudice.

## II. DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). The provisions of Rule 4 are applicable to § 2241

---

[2] From henceforth, references to document numbers refer to filings in the above-captioned case.

petitions under Rule 1(b).  *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Section 102(b)(1) of the First Step Act "amended 18 U.S.C. § 3624(b)(1) to change the manner in which good time credits are calculated by increasing the maximum allowable days from 47 to 54 per year." *See Schmutzler v. Quintana*, No. 5:19-046-DCR, 2019 WL 727794, at *1 (E.D. Ky. Feb. 20, 2019).  However, these provisions do not take effect until the Attorney General completes the "risk and needs assessment system," which must be completed within 210 days after December 21, 2018, as provided by sections 101(a) and 102(b)(2) of the First Step Act.  *See id.* at *2.  Thus, section 102(b)(1) "will not take effect until approximately mid-July 2019."  *Christopher v. Wilson*, No. 4:19-cv-214-O, 2019 WL 1745968, at *1 (N.D. Tex. Apr. 18, 2019).  Accordingly, Cox's argument that he is entitled to immediate relief lacks merit, and his request for a recalculation of his good-time credit based upon the amendments is premature.  *See, e.g.*, *Villafane v. White*, No. 1:19-cv-702, 2019 WL 2343075, at *1 (M.D. Pa. June 3, 2019) (dismissing § 2241 petition based on delayed effective date of the First Step Act as premature and

because petitioner failed to exhaust administrative remedies); *Nunez v. White*, No. 1:19-cv-551, 2019 WL 2172813, at *2 (M.D. Pa. May 20, 2019) (same); *Pizarro v. White*, No. 1:19-cv-343, 2019 WL 1922437, at *1-2 (M.D. Pa. Apr. 30, 2019) (same); *Crittendon v. White*, No. 1:19-cv-669, 2019 WL 1896501, at *1-2 (M.D. Pa. Apr. 29, 2019) (summarily dismissing § 2241 petition for same reasons); *Schmutzler*, 2019 WL 727794, at *2 (same); see also *Dailey v. Bureau of Prisons*, No. 1:19-0662-RMG, 2019 WL 2089167, at *1 (D.S.C. May 13, 2019); *Butler v. Warden, Williamsburg FCI*, No. 4:19-0726-MBS, 2019 WL 2088627, at *1 (D.S.C. May 13, 2019); *Brown v. Warden of FCI Williamsburg*, No. 8:19-cv-00546-HMH-JDA, 2019 WL 1780747, at *6-7 (D.S.C. Mar. 25, 2019); *Rizzolo v. Puentes*, No. 1:19-cv-00290-SKO-HC, 2019 WL 1229772, at *3 (E.D. Cal. Mar. 15, 2019); *Sheppard v. Quintana*, No. 5:19-cv-084-DCR, 2019 WL 1103391, at *2 (E.D. Ky. Mar. 8, 2019); *Sennett v. Quintana*, No. 5:19-cv-085-JMH, 2019 WL 1085173, at *2 (E.D. Ky. Mar. 7, 2019).

Moreover, Cox's argument that delayed implementation of these provisions violates due process and equal protection lacks merit. As the United States District Court for the Eastern District of New York has stated,

> [t]he law is clear that inmates are not a suspect class. As to the question of fundamental rights, the good time credit statute merely authorizes the BOP to offer prisoners the benefit of a reduced sentence in exchange for good behavior. See 18 U.S.C. § 3624(b).

4

> It therefore does not implicate any fundamental right implicitly or explicitly guaranteed by the Constitution. The BOP's policy of calculating good time credits is therefore subject only to rational basis review.

*Perez v. Zenk*, No. 04-CV-5069 (CBA), 2005 WL 990696, at *4 (E.D.N.Y. Apr. 11, 2005); *see also Molina v. Underwood*, No. 3:19-cv-641-K-BN, 2019 WL 1533444, at *2 (N.D. Tex. Mar. 19, 2019) (summarily dismissing § 2241 petition seeking immediate recalculation of good-time credit under the First Step Act and rejecting equal protection and due process claims).

Furthermore, while § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a § 2241 petition. *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Id.* at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion, however, is not required when it would not promote these goals, such as when exhaustion would be futile. *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998).

Cox argues that exhaustion is futile because the BOP is notifying prisoners that the good-time credit provisions in the First Step Act are not effective immediately. (Doc. No. 1 at 12.) He also asserts that without the Court's intervention, he "faces imminent irreparable harm in the form of over-service of his sentence given that his correct release date under the new law will pass in a matter of days." (*Id.* at 11-12.)[3]

Cox's allegations, however, are insufficient to excuse his failure to pursue his available administrative remedies. *See Schmutzler*, 2019 WL 727794, at *2; *cf. Ross v. Martinez*, No. 4:09-cv-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009) (noting that this Court has "consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals before the twelve-month pre-release mark [in challenges to RRC placement under the Second Chance Act]'"). As noted above, the BOP "will determine how to implement those portions of" the First Step Act regarding recalculation of good-time credit. *United States v. Kamber*, No. 09-cr-40050-JPG, 2019 WL 399935, at *2 (S.D. Ill. Jan. 31, 2019). Once that occurs, Cox may "file a lawsuit after exhausting administrative remedies." *Id.* Thus, Cox must

---

[3] As noted above, however, Cox is currently scheduled to be released on February 17, 2020, and claims that he would be released on December 30, 2019 after recalculation of his good time.

first request the relief he seeks through the BOP's administrative process before pursuing his claim in this Court.

## III. CONCLUSION

For the foregoing reasons, the Court will dismiss Cox's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) without prejudice. An appropriate Order follows.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: June 6, 2019